In the Matter of THOMAS F. WHELAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 24, 1991

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Nancy A. Bolger* of counsel), for petitioner.

*Leon D. Lazer* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained one charge

of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent cross-moved to (1) confirm the report of the Special Referee to the extent that it referred the jurisdictional issue to this court; (2) dismiss the proceeding for lack of jurisdiction; or (3) dismiss the proceeding on the ground that in the totality of circumstances revealed in the record, the respondent should not be subject to any sanction.

Charge one alleged that on May 30, 1989, the respondent was convicted, after a trial, of the crimes of driving while intoxicated (two counts), in violation of Vehicle and Traffic Law § 1192 (3) a misdemeanor; assault in the third degree, in violation of New York Penal Law § 120.00, a class A misdemeanor; and a violation of Vehicle and Traffic Law § 1128 (a) which requires a vehicle to be driven as nearly as practicable entirely within a single lane. On August 23, 1989, the respondent was sentenced to concurrent three-year periods of probation, alcohol therapy, a fine of $1,010 plus a surcharge of $60, and a revocation of his driver's license.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charge of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion is denied in its entirety. This court has jurisdiction to discipline attorneys who are convicted of crimes whether or not the crime falls within the definition of a "serious crime" as set forth in Judiciary Law § 90 (4) (d) and section 691.7 (b) of this court's rules (22 NYCRR).

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the extensive character affidavits as well as the respondent's previously unblemished record. Accordingly, the respondent is censured for his misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Thomas F. Whelan, is hereby censured for his misconduct.